HENRY V. BUCK & others *vs.* SALMON BURLINGAME.

Where an attachment of the property of one partner by a creditor of the partnership is dissolved by the assignment of the estate of that partner under the insolvent laws, the creditor, upon proving his debt and the costs of his suit against his estate, is entitled to be paid such costs, before the payment of the partner's individual debts.

PETITION IN EQUITY, under *St.* 1838, *c.* 163, § 18, to revise a decree of the court of insolvency. The petitioners alleged that they were creditors of the estate of George W. Bradford, who on his own application had been declared an insolvent debtor, and his estate duly assigned to the respondent; that Bradford had previously been in partnership with Joseph H. Crosby, but had dissolved such partnership before his application to the court of insolvency; that the petitioners' debt was contracted by said firm before its dissolution; that the petitioners, before the commencement of the proceedings in insolvency, had commenced a suit on said debt, and attached the private property of Bradford; that their attachment was dissolved by the assignment;

that the petitioners proved their debt, and the costs of their suit, against Bradford's estate before the court of insolvency, and prayed that court to order said costs to be paid in full after the payment of preferred debts; but that court ordered such costs to be postponed to the private debts of Bradford. The respondent demurred to the petition.

*H. L. Dawes,* for the petitioners. By the *St.* of 1841, *c.* 124, § 6, whenever an attachment is dissolved by virtue of proceedings in insolvency, if the claim in suit is proved against the estate of the insolvent, the costs of the suit may also be proved, and " shall be considered a privileged debt, and have a priority or preference, and be paid in full, after the payment of those debts which now have a priority or preference by virtue of the provisions of the act to which this is in addition," to wit, debts due to the United States, or to any person who, by the laws of the United States or of the Commonwealth, are entitled to such priority or preference. *St.* 1838, *c.* 163, § 12. The petitioners' claim against the partnership was properly proved against the estate of one partner. *Barclay* v. *Phelps,* 4 Met. 397. The costs of keeping property attached are in the nature of a lien, and to be paid, like other liens, before distributing the property. And the petitioners have pursued the proper course to obtain the allowance of this claim. *Thayer* v. *Mann,* 2 Cush. 374.

*L. H. Gamwell,* for the respondent. By the insolvent laws of this commonwealth, the assets of insolvent debtors are marshalled; the individual assets to pay, in the first place, individual debts; and the copartnership assets to pay copartnership debts. *St.* 1838, *c.* 163, § 21. *Howe* v. *Lawrence,* 9 Cush. 553. *Fall River Whaling Co.* v. *Borden,* 10 Cush. 458. *Somerset Potters Works* v. *Minot,* 10 Cush. 592. *Purple* v. *Cooke,* 4 Gray, 120. The costs which are allowed as a privileged debt by the *St.* 1841, *c.* 124, § 6, are so allowed as incident to the debt itself, to be allowed only when the principal debt is allowed, and to be paid, if at all, out of the same fund which may lawfully be applied to the payment of the debts to which they are the incident. *Sampson* v. *Clark,* 2 Cush. 173. *Morris* v. *Briggs* 3 Cush. 342.

By the Court. The court are of opinion that the costs of a suit where an attachment is dissolved are in the nature of a lien upon the property, and are to be regarded as expenses in receiving it for the estate, to be paid from the estate before any marshalling of assets, and before any dividend is made to any class of creditors, except those whom the statute expressly directs to be preferred. This is the equity of the statute; and there is nothing in the letter of the law to the contrary.

*Order reversed.*